UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| Ella J. Fausz, individually, and on behalf of a class of similarly situated persons, | } | Cause No. 3:17-cv-576-TBR |
| Plaintiffs, | } | |
| v. | } | **CLASS ACTION COMPLAINT** |
| Equifax Information Services, LLC | } | JURY TRIAL DEMANDED |
| Defendant. | } | |
| **SERVE**: Corporation Service Company 421 West Main Street Frankfort, KY 40601 | } | |

*** *** *** *** ***

Plaintiff, Ella J. Fausz ("***Plaintiff***" or "***Ms. Fausz***"), individually and on behalf of others similarly situated, by counsel, files this complaint against the Defendant, Equifax Information Services, LLC ("***Defendant***" or "***Equifax***"), and states as follows:

## INTRODUCTION

1. This is an action for actual damages, statutory damages, and punitive damages brought by plaintiffs and the Class Members against Equifax for willful, knowing, and/or negligent violations of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 et seq. (known as the "Fair Credit

Reporting Act", hereafter the "***FCRA***"), which relates to the compilation and dissemination of consumer credit and other financial information. Plaintiffs also assert claims against Equifax under state law for invasion of privacy, negligence, and for violation of Kentucky's Consumer Protection Act. Plaintiffs claim that Equifax violated their rights by disclosing private information about them to third parties and by failing to properly safeguard the named plaintiffs' personal information.

## PARTIES

2. The Plaintiff, Ella J. Fausz, is an individual and a citizen of the Commonwealth of Kentucky, presently residing in Jefferson County, Kentucky.

3. Plaintiff is a "***consumer***" as that term is defined in the FCRA and with respect to the matters herein.

4. Defendant, Equifax Information Services, LLC, is a limited liability company organized and existing under the laws of the state of Georgia.

5. At all pertinent times herein, Equifax was engaged in the business of acquiring, using, furnishing, and disseminating consumer information in the Commonwealth of Kentucky. Equifax has principal offices located in Atlanta, Georgia. Equifax is a "consumer reporting agency," as said term is defined and/or contemplated in the FCRA, with respect to the matters referenced herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue in this District is proper because the Equifax transacts business in this District, Plaintiff was a resident of this District at all pertinent times herein, and the conduct complained of occurred here.

## FACTS

8. From around May 2017 through July 2017, an unknown third party breached Equifax's data servers and accessed sensitive personal information of the named plaintiff and the Class Members, including names, social security numbers, birth dates, addresses, and driver's license numbers, and potentially credit card numbers. The accessed information constitutes a "credit report" as said term is defined and used in the FCRA.

9. On or about July 29, 2017, Equifax discovered the breach. Equifax did not immediately notify law enforcement personnel or affected consumers of the breach.

10. In early August, 2017, before the breach was made public, Equifax executives sold shares of Equifax worth at least $1,800,000.

11. On or about September 7, 2017, Equifax admitted the breach in a press release.

12. As a proximate cause of Equifax's failure to properly safeguard the named plaintiff's and Class Members' private information, an unknown third party accessed and stole the information.

13. As a proximate result of Equifax's acts or omissions, including its delay of six weeks in notifying law enforcement personnel and affected consumers, the named plaintiffs and the Class Members suffered actual harm, including invasion of privacy and emotional distress. Additionally, the named plaintiffs and Class Members have been subjected to an imminent, immediate, and continuing risk of identity theft and identity fraud.

14. As a proximate consequence of Equifax's conduct as herein alleged, the named plaintiffs and the Class Members are entitled to an award against Equifax in the form of actual damages, statutory damages, attorney's fees, and costs.

**COUNT I**
**WILLFUL NONCOMPLIANCE WITH THE FCRA**

15. Between approximately May 2017 and the present, Equifax willfully failed to comply with the requirements of the FCRA, by, *inter alia*:

a. failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to permissible purposes, in violation of 15 U.S.C. § 1681e(a); and,

b. furnishing consumer reports under circumstances not authorized under Section 1681b(a) of the FCRA, in violation of 15 U.S.C. § 1681b(a).

16. As a proximate result of Equifax's willful violations of the FCRA, the named plaintiff and the Class Members have suffered harm, and Equifax is liable to the named plaintiff and the Class Members for actual damages, statutory damages, punitive damages, plus attorney's fees and costs.

**COUNT II**
**NEGLIGENT NONCOMPLIANCE WITH THE FCRA**

17. In the alternative, Defendant was negligent in failing to comply with the requirements of the FCRA and are liable to the named plaintiff and the Class Members for actual damages, plus attorney's fees and costs.

**COUNT III**
**NEGLIGENCE**

18. Equifax owed the named plaintiff and the Class Members a duty to protect and safeguard their private information.

19. Equifax failed to discharge its duties, resulting in dissemination of the information to others.

20. As a proximate result of Equifax's negligence, the named plaintiff and the Class Members suffered actual harm, and Equifax is liable to the named plaintiff and the Class Members for damages.

## COUNT IV
## VIOLATION OF KRS 367.170

24. Equifax violated the provisions of Kentucky's Consumer Protection Act by its use of unfair, false, misleading and/or deceptive acts or practices in the conduct of its trade or commerce.

25. As herein alleged, Equifax acted toward the named plaintiff and the Class Members with oppression, fraud, and/or malice, warranting the imposition of punitive damages against Equifax.

26. Pursuant to KRS 367.220, the named plaintiff and the Class Members are entitled to an award of actual damages against Equifax, plus attorney's fees and costs.

27. Pursuant to KRS 411.184(2), the named plaintiff and the Class Members are entitled to an award of punitive damages against Equifax.

## COUNT V
## INVASION OF PRIVACY

28. Between May 2017 and the present, Equifax unreasonably intruded upon the privacy and seclusion of named plaintiff and the Class Members, by, *inter alia*, allowing a third person to access the named plaintiff and Class Members' private information.

29. As a proximate result of said intrusion, the named plaintiffs and the Class Members

suffered damages and the loss of privacy.

30. At law, the named plaintiff and the Class Members are entitled to an award of compensatory damages against Equifax.

31. Pursuant to KRS 411.184(2), the named plaintiff and the Class Members are entitled to an award of punitive damages against Equifax.

## CLASS ALLEGATIONS

15. Plaintiff files this action as a class action on behalf of all Kentucky residents whose private information was stolen as a result of breaches of Equifax's data servers between May 1, 2017 and July 29, 2017.

16. This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiff and all others similarly situated with the Class defined as follows: all Kentucky residents whose private information was accessed or stolen from Equifax's data servers as a result of the data breaches between May 1, 2017 and July 29, 2017.

17. Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class Members is unknown to Plaintiff, but upon information and belief, the number of individuals within the Class may exceed 200. The true number of Class Members is likely to be known to Equifax.

18. There is a well-defined community of interest among members of the Class. The claims of the representative Plaintiff are typical of the claims of the Class. The named plaintiff and all Class Members suffered loss of privacy and emotional distress as a result of Equifax's failure to

comply with the requirements of the FCRA and state law. The factual basis of Equifax's conduct is common to all Class Members and resulted in injury to all Class Members.

19. The questions of law and fact in this case are common to Plaintiff and Class Members and include the following:

a. Did Equifax have a duty to maintain reasonable procedures to safeguard the Class Members' personal information?

b. Did Equifax fail to comply with the requirements of the FCRA?

c. Was Equifax negligent in failing to safeguard the Class Members' personal information or in failing to immediately notify law enforcement and affected consumers of the breach?

d. Is Equifax liable to the Class Members for invasion of privacy under Kentucky law?

e. Did Equifax violate the provisions of Kentucky's Consumer Protection Act?

f. Did Equifax's acts or omissions cause harm to the Class Members?

20. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with experience in FCRA claims and complex litigation. Plaintiff and counsel are committed to vigorously prosecuting this action on behalf of the Class they represent and have the financial resources to do so. None of the named plaintiffs or counsel has any interest adverse to those of the Class.

21. Plaintiff and members of the Class have suffered and will continue to suffer harm and damage as a result of Equifax's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the vast majority of

the Class Members would likely find the cost of litigating their claims prohibitive and would have no effective remedy at law. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and litigants and promote consistency and efficiency of adjudication.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Ella J. Fausz and the putative Class Members, by counsel, request this Court to:

a. Certify the Plaintiff's Class, appoint Plaintiff as Class Representative, and appoint undersigned counsel as counsel of record as Class counsel;

b. Enter judgment against Equifax to compensate Plaintiff and the Class Members for their actual damages sustained as set forth in above Counts.

c. Enter judgment against Equifax under the above Counts for statutory damages for the Plaintiff and for each member of the Class.

d. Enter judgment against Equifax for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

e. Conduct a trial by jury on all issues so triable.

f. Enter an order temporarily and permanently enjoining Equifax from future similar violations of the FCRA.

g. Enter an order awarding attorneys' fees and costs herein incurred against Equifax.

h. Grant any and all other relief to which the Court deems appropriate.

Respectfully submitted,

TAYLOR COUCH PLLC

/s/ Zachary L. Taylor
Zachary L. Taylor
Nina B. Couch
2815 Taylorsville Road, Suite 101
Louisville, Kentucky 40205
Phone: (502) 625-5000
Facsimile: (502) 822-2500
ztaylor@taylorcouchlaw.com
ncouch@taylorcouchlaw.com